BONNIE E. ESKENAZI (SBN 119401)
BEskenazi@ggfirm.com
BENITA S. YU (SBN 329195)
BYu@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
Telephone:  310-553-3610
Facsimile:   310-553-0687

Attorneys for Petitioner
BLACK BEAR PICTURES
INTERNATIONAL LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACK BEAR PICTURES INTERNATIONAL LIMITED,<br><br>Petitioner,<br><br>v.<br><br>PHARS FILM CO., LLC,<br><br>Respondent. | Case No.<br><br>**PETITIONER BLACK BEAR PICTURES INTERNATIONAL LIMITED'S NOTICE OF PETITION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO MODIFY AND/OR CORRECT ARBITRATION AWARD PURSUANT TO 9 U.S.C. § 11**<br><br>*[Filed concurrently with Declaration of Jill Silfen; and [Proposed] Order]* |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

 **PLEASE THAT NOTICE** that at a date and time selected by the above-caption Court, located at 350 W. 1st Street, Los Angeles, California 90012-4565, Petitioner Black Bear Pictures International Limited will, and hereby does, move for an order to Modify and/or Correct Arbitration Award pursuant to the Federal Arbitration Act. *See* 9 U.S.C. § 11.

 This Petition is based upon this Notice, the Memorandum of Points and Authorities, concurrently filed Declaration of Jill Silfen and exhibits attached thereto, and all pleadings and documents on file with the Court, and on such other and further argument and evidence as may be presented at or before this Petition's hearing.

DATED:  December 16, 2025

            GREENBERG GLUSKER FIELDS
            CLAMAN & MACHTINGER LLP


            By: */s/ Bonnie E. Eskenazi*
              BONNIE E. ESKENAZI
              (SBN 119401)
              BENITA S. YU (SBN 329195)

              Attorneys for Petitioner
              BLACK BEAR PICTURES
              INTERNATIONAL LIMITED

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

# **TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................................. 5

II.  STATEMENT OF FACTS ..................................................................................... 5

    A.   Black Bear Sold to Phars Film Co. Middle East Distribution Rights in Three Films: Dumb Money, Immaculate, and Relay ........... 5

    B.   The Distribution Agreements for Dumb Money, Immaculate, and Relay Required Minimum Guarantees, Contained Arbitration Provisions, and Named Phars Film Co. a Party to the Agreement ......................................................................................... 7

    C.   Phars Film Co. Failed to Pay the Minimum Guarantees for the Films Dumb Money, Immaculate, and Relay ...................................... 9

    D.   Phars Film Co. Also Agreed to Buy Film Distribution Rights from Black Bear for The Rivals of Amziah King but Failed to Do So .................................................................................................. 10

    E.   Black Bear Initiated Arbitration and Obtained an Arbitration Award Against Phars Film Co. for Breach of Contract ..................... 11

    F.   Phars Film Co. Unsuccessfully Attempted to Block Enforcement of the Arbitration Award in Dubai ...................................................... 12

    G.   Black Bear Learned While Trying to Enforce the Arbitration Award in Dubai that Phars Film Co. is a Not a Registered Name ..... 12

III. ARGUMENTS ..................................................................................................... 13

    A.   Adding Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) to the Arbitration Award Does Not Affect the Merits ................................................................................................. 13

    B.   Adding Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) to the Arbitration Award Fulfills the Intent of the Arbitration Award and Promotes Justice .......................................... 17

    C.   Black Bear's Petition is Timely Under the Equitable Tolling Doctrine ............................................................................................. 18

IV.  CONCLUSION ................................................................................................... 21

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

BLACK BEAR PICTURES INTERNATIONAL LIMITED'S PETITION TO MODIFY AND/OR CORRECT ARBITRATION AWARD

# <u>TABLE OF AUTHORTIES</u>

**FEDERAL CASES**

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*,
    552 U.S. 576 (2008) ................................................................................. 14

*Move, Inc. v. Citigroup Glob. Markets, Inc.*,
    840 F.3d 1152 (9th Cir. 2016) ................................................................. 18

*Seattle Audubon Soc. v. Robertson*,
    931 F.2d 590 (9th Cir. 1991) ................................................................... 18

*Tradeline Enters. Pvt. Ltd. v. Jess Smith & Sons Cotton, LLC*,
    2019 WL 6898959 (C.D. Cal. Apr. 15, 2019) ......................................... 16

**OTHER STATE CASES**

*Broemer v. Houston Lawyer Referral Serv.*,
    407 S.W.3d 477 (Tex. App. 2013) ........................................................... 16

**FEDERAL STATUTES**

9 U.S.C. § 11 ........................................................................................... passim

9 U.S.C. § 12 .......................................................................................... 18, 20

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Petitioner Black Bear Pictures International Limited ("Black Bear") moves for an order modifying and/or correcting an arbitration award that Black Bear obtained against Respondent Phars Film Co., LLC ("Phars Film Co."), to add Phars Film Co.'s registered name Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.).

Black Bear recently learned that Phars Film Co.'s registered name is Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) and that Phars Film Co., LLC is a trade name.  Black Bear could not have reasonably known that Phars Film Co., LLC, is not a registered name, especially when each of the film distribution agreements with Black Bear at issue in the underlying arbitration was entered into and executed by Phars Film Co., LLC.  Although Phars Film Co., LLC and Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) (sometimes collectively referred to herein as "Phars") are the same entity, Black Bear's efforts to enforce the arbitration award in Dubai, United Arab Emirates ("UAE"), where Phars is located, has been hampered because the arbitration award does not also identify Phars Film Co., LLC by its registered name – Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.).  Black Bear has, therefore, thus far been unable to recover the over US$3 million that Phars owes.

Black Bear respectfully requests that the Court grant this Petition and modify and/or correct the arbitration award to add Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) as a respondent.

## II.   STATEMENT OF FACTS

### A.   Black Bear Sold to Phars Film Co. Middle East Distribution Rights in Three Films: *Dumb Money*, *Immaculate*, and *Relay*

Black Bear is in the business of international sales, marketing and distribution of film and television.  *See* Decl. of Jill Silfen ("Silfen Decl.") Ex. B

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

¶ 2. Black Bear is, and has been during the relevant period, headed by John Friedberg, who oversees the company's sales group and the negotiation of its international distribution agreements as President of Black Bear.  *See id.*  Black Bear had an initial slate of four international films when it launched in 2022: *Dumb Money*, *Immaculate*, *Relay*, and *The Ministry of Ungentlemanly Warfare*.  *See id.* Ex. B, ¶ 6.

Phars Film Co. is a film distributor operating in Dubai, UAE, that licenses films for distribution in the Middle East territory.  *See* Silfen Decl. Ex. B, ¶ 4. Phars Film Co. is headed by Selim El Azar.  *See id.* Ex. B, ¶ 5; *id.* Ex. J at 2 (stating Mr. El Azar is a "Partner" of Phars Film Co.).  Mr. Friedberg and Mr. El Azar have done business on several occasions, including before the events giving rise to the underlying arbitration.  *See id.* Ex. B, ¶ 4.

Black Bear sold to Phars Film Co. the Middle East distribution rights in four films: *Dumb Money*, *Immaculate*, *Relay*, and *The Ministry of Ungentlemanly Warfare*.[1]  *See* Silfen Decl. Ex. B, ¶ 6.  Black Bear and Phars Film Co. negotiated the deal terms in November 2022 for *Dumb Money*, *Immaculate*, and *Relay* (collectively, the "Initial Slate Distribution Agreements"), during which Mr. El Azar provided comments on the terms on behalf of Phars Film Co. from his email address "selazar@pharsfilm.com."  *See id.* Ex. B, ¶ 8 & Ex. 1.  In January 2023, Black Bear and Phars Film Co. signed the distribution agreements for the Initial Slate Distribution Agreements.  *See id.* Ex. A; *id.* Ex. B, ¶ 9 & Exs. 3–5.

At the time it entered into the Initial Slate Distribution Agreements, Black Bear was unaware that the name Phars Film Co., LLC was not the company's registered name.  *See* Silfen Decl. ¶ 3; *see also id.* ¶ 13.  Phars Film Co. neither indicated during negotiations nor before or after the agreements were signed that Phars Film Co. was merely a trade name, that Phars Film Co.'s registered name is

---

[1] *Ministry of Ungentlemanly Warfare* was not at issue in the underlying arbitration because Phars Film Co., LLC selectively paid the amounts owed on that film.  *See* Silfen Decl. Ex. B, ¶ 6 n.1.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.), or that the name Phars Film Co., LLC was otherwise incorrect or improper. *See* Silfen Decl. ¶ 13. Moreover, the information on Phars Film Co.'s profile on Cinando.com (an online network for film professionals typically used by Black Bear and others in the film distribution business) is consistent with Phars Film Co.'s information in the Initial Slate Distribution Agreements. *See id.* ¶¶ 14–15, Exs. J, K. Phars Film Co.'s Cinando profile shows the company's name as "Phars Film Co. LLC." *See id.* Ex. J at 1. The company address and phone number on Phars Film Co.'s Cinando profile is also the same as the address and phone number for Phars Film Co. in the Initial Slate Distribution Agreements, and Phars Film Co.'s Cinando profile shows that Mr. El Azar is a "Partner" at the company. *Compare id.* Ex. J, *with id.* Ex. B, Ex. 3 at 1*, and* Ex. B, Ex. 4 at 1, *and* Ex. B, Ex. 5 at 1. The email address provided for Mr. El Azar on Cinando.com is also the same email address stated for Mr. El Azar in the Initial Slate Distribution Agreements. *Compare id.* Ex. K, *with id.* Ex. B, Ex. 3 at 1, *and id.* Ex. B, Ex. 4 at 1, *and id.* Ex. B, Ex. 5 at 1.

**B.**  **The Distribution Agreements for *Dumb Money*, *Immaculate*, and *Relay* Required Minimum Guarantees, Contained Arbitration Provisions, and Named Phars Film Co. a Party to the Agreement**

The Initial Slate Distribution Agreements were substantively identical other than different dollar amounts in guaranteed payments. *See* Silfen Decl. Ex. B, ¶ 10 & Exs. 3–5. Black Bear licensed to Phars Film Co. the right to distribute *Dumb Money*, *Immaculate*, and *Relay* in the Middle East territory. *See id.* Ex. B, Ex. 3 ¶ B; *id.* Ex. B, Ex. 4 ¶ B; *id.* Ex. B, Ex. 5 ¶ B. The licensed rights included theatrical, non-theatrical, public video, pay TV, video on demand, pay per view, and home video, among others. *See id.* Ex. B, Ex. 3 ¶ F; *id.* Ex. B, Ex. 4 ¶ F; *id.* Ex. B, Ex. 5 ¶ F. In exchange for these rights, Phars Film Co. agreed to pay minimum guarantees for each film, with 20% of the minimum guarantee to be paid on execution of the agreement and 80% to be paid on Notice of Delivery, in the

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

amounts summarized in the table below.  *See id.* Ex. B, Ex. 3 ¶ D; *id.* Ex. B, Ex. 4 ¶ D; *id.* Ex. B, Ex. 5 ¶ D.

| Film | Total Minimum Guarantee | 20% of Minimum Guarantee Due on Execution | 80% of Minimum Guarantee Due on Notice of Delivery |
|---|---|---|---|
| *Dumb Money* | $800,000 | $160,000 | $640,000 |
| *Immaculate* | $700,000 | $140,000 | $560,000 |
| *Relay* | $1,000,000 | $200,000 | $800,000 |

The Initial Slate Distribution Agreements each contain arbitration provisions. *See* Silfen Decl. Ex. B, Ex. 3 ¶ V; *id.* Ex. B, Ex. 4 ¶ V; *id.* Ex. B, Ex. 5 ¶ V.  That provision states that "[a]ny dispute arising out of or relating to this Agreement will be resolved by binding arbitration under the IFTA Rules of International Arbitration in effect at the time the notice of arbitration is filed."  *Id.*  Each of the Initial Slate Distribution Agreements also states that the agreement "shall be governed by and interpreted in accordance with the laws of the State of California" and that Phars Film Co. "consents and submits to the exclusive jurisdiction of the state and federal courts located in Los Angeles County, California with respect to any action arising out of or relating to this Agreement . . . :"  *Id.*

Notably, each of the Initial Slate Distribution Agreements identifies Phars Film Co. as a party to the agreement as a "Distributor" and identifies no other entity affiliated with Phars Film Co.  *See* Silfen Decl. Ex. B, Ex. 3 at 1; *id.* Ex. B, Ex. 4 at 1; *id.* Ex. B, Ex. 5 at 1; *see generally id.* Ex. B, Exs. 3–5.  The agreements also provide that the physical address for Phars Film Co. is "2705, ETA Star Al Manara Tower Business Bay 1186 Dubai, United Arab Emirates" and that Mr. El Azar's email address is "selazar@pharsfirm.com."  *See id.* Ex. B, Ex. 3 at 1; *id.* Ex. B, Ex. 4 at 1; *id.* Ex B, Ex. 5 at 1.  Further, under each Distribution Agreement, notices are to be provided to Phars Film Co. with attention to Mr. El Azar.  *See id.* Ex. B,

1  Ex. 3 ¶ E; *id.* Ex. B, Ex. 4 ¶ E; *id.* Ex. B, Ex. 5 ¶ E (stating that "[a]ll notices . . .

2  will be made to the address stated above unless otherwise noted).

3  ### C.  Phars Film Co. Failed to Pay the Minimum Guarantees for the Films *Dumb Money*, *Immaculate*, and *Relay*

4

5  Phars Film Co. never paid Black Bear the Minimum Guarantees owed under

6  the Initial Slate Distribution Agreements.  *See* Silfen Decl. Ex. B, ¶¶ 11–12.  Black

7  Bear sent invoices to Phars Film Co. for the 20% deposit of the Minimum

8  Guarantee that was due upon signing, but Phars Film Co. did not make any

9  payment.  *See id.* Ex. B, ¶ 11 & Exs. 6–8.  Black Bear's accounting team contacted

10  Phars Film Co. multiple times in the months after the agreements were signed

11  regarding payment, but Phars Film Co.'s finance group simply stated that they

12  would "get back to [Black Bear] shortly on the payment schedule."  *Id.* Ex. B, ¶ 12

13  & Ex. 9.  At no point did Phars Film Co. deny that payments were owed or request

14  any modification to the payment schedule, and Black Bear did not agree to waive or

15  defer any right to payment.  *See id.* Ex. B, ¶ 12.  Black Bear had no reason to think

16  that Phars Film Co. would ultimately refuse to pay.  *See id.*

17  On August 7, 2023, even though Phars Film Co. still had not made its initial

18  Minimum Guarantee deposit payments, Black Bear was prepared to make delivery

19  of *Dumb Money* and sent the Notice of Delivery and the corresponding Notice of

20  Delivery invoice to Phars Film Co.  *See* Silfen Decl. Ex. B, ¶ 14 & Exs. 12–14.

21  Phars Film Co. did not make any payment.  *See id.* Ex. B, ¶ 15.

22  Given Phars Film Co.'s failure to pay the initial Minimum Guarantee

23  installment payments, and in light of Phars Film Co.'s failure to make the second

24  installment payment on *Dumb Money* after Notice of Delivery was sent, Black Bear

25  sent Phars Film Co. a Notice of Default regarding *Dumb Money*, *Immaculate*, and

26  *Relay* on September 1, 2023.  *See* Silfen Decl. Ex. B, ¶ 15 & Ex. 15.  Phars Film

27  Co. did not make any payments after receiving that Notice of Default.  *See id.*

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Ex. B, ¶ 16.  Black Bear thus sent a Notice of Termination to Phars Film Co. on September 20, 2023.  *See id.* Ex. B,  ¶ 16 & Ex. 16.

Phars Film Co. never provided any valid reason for their non-payment.  *See* Silfen Decl. Ex. B, ¶ 17.  In conversations between Mr. Friedberg and Mr. El Azar, Mr. El Azar simply stated that Phars Film Co. had "cash flow" issues and needed time to make the payments.  *See id.*  After months of non-payment, Mr. El Azar stated that Phars Film Co. had to "make decisions for their business" and would not be paying the owed amounts.  *See id.*  Phars Film Co. never denied its payment obligations and never accused Black Bear of breaching any of its obligations.  *See id.*

**D.    <u>Phars Film Co. Also Agreed to Buy Film Distribution Rights from Black Bear for *The Rivals of Amziah King* but Failed to Do So</u>**

In addition to the films *Dumb Money*, *Immaculate*, and *Relay*, Black Bear sold additional films to Phars Film Co. for distribution in the Middle East territory at the Cannes Film Festival in 2023.  *See* Silfen Decl. Ex. B, ¶ 13.  One of those films was *The Rivals of Amziah King*.  *See id.*

On or about May 26, 2023, Defne Günay (Vice President of Business and Legal Affairs at Black Bear) emailed Mr. El Azar to confirm that Phars Film Co. agreed to acquire *The Rivals of Amziah King* for a Minimum Guarantee of $800,000, with "all other terms being as per our recent precedent on RELAY." Silfen Decl. Ex. B, ¶ 13 & Ex. 10.  Mr. El Azar responded to Ms. Günay's email confirming the agreement.  *See id.*  Although a copy of the distribution agreement for *The Rivals of Amziah King* with the agreed-upon terms was sent to Phars Film Co., Mr. El Azar ultimately did not sign the document, and Phars Film Co. did not make payments on that film.  *See id.* Ex. B, ¶ 13 & Ex. 11.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**E.** **Black Bear Initiated Arbitration and Obtained an Arbitration Award Against Phars Film Co. for Breach of Contract**

On December 5, 2023, Black Bear submitted a demand for arbitration against Phars Film Co. before the Independent Film & Television Alliance ("IFTA") pursuant to the arbitration provisions in the distribution agreements for *Dumb Money*, *Immaculate*, *Relay*, and *The Rivals of Amziah King* (collectively, the "Distribution Agreements").[2] *See* Silfen Decl. Ex. C, Ex. 1. Black Bear sought actual damages totaling $3,300,000 in connection with Phars Film Co.'s breach of the Distribution Agreements. *See id.*

Phars Film Co. did not participate in the arbitration although Black Bear provided notice of the arbitration demand and notice of the briefing schedule and hearing for the arbitration. *See* Silfen Decl. Ex. C, ¶¶ 2–3, 8 & Exs. 1–2, 6. Notices of the arbitration, hearings relating to the arbitration, and the Arbitrator's Scheduling Order were also provided to Phars Film Co. by the ICDR Senior Case Manager. *See id.* Ex. C, ¶¶ 4–6 & Exs. 3–5. Phars Film Co. nevertheless did not file anything in the arbitration proceedings, and no representative of Phars Film Co. indicated an intent to participate while the proceedings were ongoing. *See id.* Ex. C, ¶ 7.

On July 8, 2024, the Arbitrator issued a Final Arbitration Award made in Los Angeles, California, in favor of Black Bear (the "Arbitration Award"). *See* Silfen Decl. Ex. D. The Arbitrator found Black Bear the prevailing party for each of its claims and concluded that Phars Film Co. breached the Distribution Agreements. *See id.* Ex. D at 4:6–6:22. Under the Final Arbitration Award, Phars Film Co. was to pay Black Bear a total amount of US$3,349,187.50. *See id.* Ex. D at 7:1-19.

---

[2] IFTA designated the International Centre for Dispute Resolution ("ICDR") as the administering organization for arbitrations governed by the Rules for IFTA Arbitrations. *See* Silfen Decl. Ex. B, Ex. 3.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**F.**    **Phars Film Co. Unsuccessfully Attempted to Block Enforcement of the Arbitration Award in Dubai**

Black Bear subsequently took steps to enforce the Arbitration Award in Dubai, UAE, through the Courts of the Dubai International Financial Centre ("DIFC"). *See* Silfen Decl. ¶ 8 & Exs. E–G. On November 28, 2024, the Court of First Instance of the Dubai International Financial Centre Courts issued an order that the Arbitration Award "shall be recognised and enforced as binding within the DIFC . . . ." *See* Silfen Decl. Ex. E (the "Enforcement Order").

Phars Film Co., however, later attempted to stop enforcement of the Arbitration Award and, on or around December 23, 2024, filed an application seeking to set aside the November 28, 2024 Enforcement Order. *See* Silfen Decl. Ex. F at 1 (noting Phars Film Co.'s application "filed on 23 December 2024 seeking to set aside the Enforcement Order"), 3–9 (Schedule of Reasons). In the DIFC proceedings, Phars Film Co. did not object to the Arbitration Award on grounds that the Arbitration Award was invalid or unenforceable because the name Phars Film Co., LLC was incorrect or improper. *See id.* ¶ 9, Ex. F at 3–9 (Schedule of Reasons); *id.* ¶ 18. Phars Film Co. also did not indicate at any point during the DIFC proceedings that Phars Film Co., LLC is a trade name or reveal that Phars Film Co.'s registered name is Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.). *See id.* ¶ 18; *see also id.* Ex. F at 3–9 (Schedule of Reasons). On February 14, 2025, the Court of First Instance of the Dubai International Financial Centre Courts issued an order denying Phars Film Co.'s application to set aside the Enforcement Order. *See id.* Ex. F.

On April 4, 2025, the Court of First Instance of the Dubai International Financial Centre Courts issued an order stating that the November 28, 2024 Enforcement Order is "final and executory." *See* Silfen Decl. Ex. G.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**G.**    **Black Bear Learned While Trying to Enforce the Arbitration
Award in Dubai that Phars Film Co. is a Not a Registered Name**

In its efforts to enforce the Arbitration Award and the Enforcement Order,
Black Bear recently learned that Phars Film Co, LLC is not a registered name.  *See*
Silfen Decl. ¶ 11.  Rather, the registered name for Phars Film Co. appears to be
Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.).  *See id.*  Black
Bear became aware of this issue through its local counsel in Dubai who discovered
the discrepancy in Phars' registered name after conducting further investigations
and inquiries with relevant regulatory authorities in the context of attempting to
enforce the judgment.  *See id.* ¶¶ 11–12, Exs. H–I.

While Black Bear navigated obstacles to get back the US$3 million-plus it is
owed for the four films at issue, Phars Film Co. continued to operate and conduct
business.  For example, Black Bear received an email from Phars Film Co. on
November 18, 2025 regarding a payment that was made pursuant to a distribution
agreement for another film named *Greenland 2: Migration*.  *See* Silfen Decl. ¶ 17,
Exs. M, N.  Black Bear has been in communication with Phars Film Co. regarding
payment for *Greenland 2: Migration* as the sales agent.  *See id.* ¶ 17; *see also*
Ex. M at 2–3.  The payment confirmation attached to Phars Film Co.'s November
18, 2025 email shows that payment was made by Phars Filmco Motion Pictures
Trading & Distribution Co. (L.L.C.).  *See id.* Ex. N.

Black Bear has been told that the absence of Phars' registered name in the
Arbitration Award will prevent future enforcement and recovery efforts and that the
Arbitration Award must be amended to include Phars' registered name to be
enforceable in Dubai.  *See* Silfen Decl. ¶ 19.  Black Bear therefore promptly
prepared and filed this Petition seeking modification and/or correction of the
Arbitration Award to add Phars Filmco Motion Pictures Trading & Distribution Co.
(L.L.C.) as a responding party.  *See id.*

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## III.    ARGUMENTS

### A.    Adding Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) to the Arbitration Award Does Not Affect the Merits

Modifying and correcting the Arbitration Award pursuant to Section 11 of the Federal Arbitration Act ("FAA") to add Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) as a respondent is proper and appropriate under the circumstances of this case.  *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (noting that Section 11 of the FAA states grounds for "modifying or correcting" an arbitration award).  Under Section 11 of the FAA ("Section 11"), a "United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration . . . [w]here the award is imperfect in matter of form not affecting the merits of the controversy."  9 U.S.C. § 11(c).  Given that the Arbitration Award was made in Los Angeles, California, Black Bear must file any application pursuant to Section 11 in this Court.  *See* Silfen Decl. Ex. D at 7:21-23.

Adding Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) to the arbitration award does not affect "the merits of the controversy" considering that Phars Film Co. and Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) are the same entity.  There is ample support showing that there is no actual distinction between the two Phars entities, including:

- The two Phars entities have the same physical address at 2705, ETA Star Al Manara Tower Business Bay 1186 Dubai, United Arab Emirates.  *Compare* Silfen Decl. Exs. H–I at 1, 3 (showing that Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.)'s address is in office number 2705 in Business Bay, Dubai, with the P.O. Box 1186), *and id.* Ex. B, Ex. 1 at 1 (stating address for Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) in Mr. El Azar's email), *with id.* Ex. J at 1 (Phars Film Co.'s Cinando profile stating the company's address), *and id.* Ex. B, Ex. 3 at 1; *id.* Ex. B, Ex. 4 at 1; *id.* Ex. B, Ex. 5 at 1, *id.* Ex.

B, Ex. 11 at 1 (Distribution Agreements stating physical address to which notices for Phars Film Co., LLC must be sent).

- Mr. El Azar is the head of and/or affiliated with both Phars entities. *See, e.g.*, Silfen Decl. Ex. B, Ex. 1 at 1 (Mr. El Azar's email signature containing information for Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C)); *id.* Ex. B, Ex. 3 at 1, 2; *id.* Ex. B, Ex. 4 at 1, 2; *id.* Ex. B, Ex. 5 at 1, 2; *id.* Ex. B, Ex. 11 at 1, 2 (Distribution Agreements stating that notices for Phars Film Co., LLC must be sent with attention to Mr. El Azar); *id.* Ex. J at 2 (listing Mr. El Azar under the "Staff" section of Phars Film Co.'s Cinando profile and stating that he is a "Partner" at Phars Film Co.); *id.* Ex. K (stating that Mr. El Azar is a "Partner" at Phars Film Co.).

- Each of the three Initial Slate Distributions Agreements were signed on behalf of Phars Film Co, LLC by Ahmadali Golchin Kharrazi, who is Chairman and/or Manager of both Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C) and Phars Film Co, LLC and whose name has also appeared as Ahmad Ali Ali Akbar Golchin Kharrazi and Ahmad Golchin.  *See* Silfen Decl. Ex. B, Ex. 3 at 10; *id.* Ex. B, Ex. 4 at 10; *id.* Ex. B, Ex. 5 at 10 (Initial Slate Distribution Agreements signed by Ahmadali Golchin Kharrazi); *id.* Ex. J at 2 (stating Ahmad Golchin is Chairman of Phars Film Co., LLC); *id.* Ex. H at 1(stating Ahmad Ali Ali Akbar Golchin Kharrazi is Manager of Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C) under "License Members" section of the Commercial License).

- The website for Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) and Phars Film Co., LLC is the same.  *See* Silfen Decl. Ex. B, Ex. 1 (Mr. El Azar's email signature showing the website for Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) is www.pharsfilm.com); *id.* Ex. J at 1 (Phars Film Co., LLC's Cinando profile shows the company's website is www.pharsfilm.com).

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

- Email addresses with the "pharsfilm.com" domain are linked to individuals at both Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) and Phars Film Co, LLC. *See, e.g., id.* Ex. B, Ex. 1 (Mr. El Azar's email address, selazar@pharsfilm.com, shows an email signature with Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.)'s information); *id.* Ex. K (Mr. El Azar's individual profile on Cinando showing that he is Partner at Phars Film Co., LLC with the email address selazar@pharsfilm.com); *id.* Ex. B, Ex. 9 (Black Bear's emails with Phars Film Co. showing that staff at Phars Film Co. have email addresses with the "pharsfilm.com" domain).

- Evidence shows that funds and/or assets of Phars Film Co. and Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) are treated as the same. Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) has made payments on behalf of Phars Film Co., LLC for film distribution agreements to which Phars Film Co., LLC is a party. *See* Silfen Decl. ¶¶ 16–17, Exs. L–N.

Modifying and correcting an arbitration award to add a correct party is a change in form, not the merits of the underlying dispute, that is permitted under Section 11. *See Tradeline Enters. Pvt. Ltd. v. Jess Smith & Sons Cotton, LLC*, 2019 WL 6898959, at *4 (C.D. Cal. Apr. 15, 2019) (stating that a district court has authority to add a party to an arbitration award under the FAA given that the "FAA authorizes a district court to modify an arbitration" under Section 11); *Broemer v. Houston Lawyer Referral Serv.*, 407 S.W.3d 477, 479, 481–83 & n.17 (Tex. App. 2013) (interpreting petition to confirm arbitration award that included additional assumed names of defendant as a proper "request for modification of the arbitration award to include the three entity names all representing the same law firm" pursuant to Section 11 and holding that "the trial court did not err in modifying the arbitration award to include" the additional assumed names).

Importantly, Black Bear is not asking the Court to reexamine the Arbitrator's analysis or bases in support of the Arbitration Award. Black Bear, rather, requests

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

that Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) be added to the Arbitration Award as the registered company name for Phars Film Co. The addition of Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) to the Arbitration Award does not affect the award's substance or validity when Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) is simply doing business as, and is therefore the same entity as, Phars Film Co., LLC.

**B.    Adding Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) to the Arbitration Award Fulfills the Intent of the Arbitration Award and Promotes Justice**

The addition of Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) as a responding party to the Arbitration Award is also warranted because doing so would "effect the intent thereof and promote justice between the parties." 9 U.S.C. § 11. The intent behind the Arbitration Award is to have Phars pay Black Bear the over US$3 million owed under the Distribution Agreements and the amounts owed in attorney's fees and costs and fees in connection with the arbitration. *See* Silfen Decl. Ex. D at 7:1-19. Enforcement of the Arbitration Award promotes justice given that Phars materially breached its agreements with Black Bear, and the Arbitration Award orders Phars to pay Black Bear the Minimum Guarantees that are owed under the Distribution Agreements.

Yet Phars is now dodging enforcement of the Arbitration Award and avoiding payment of the millions of dollars that it owes Black Bear based on a technicality. This is neither right nor fair. The situation is even more absurd considering that Phars Film Co. continues to conduct business for other distribution agreements under the same name and has met its financial obligations through payments made by Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) for these other distribution agreements—but just not for the Distribution Agreements at issue for no valid or proper reason. *See* Silfen Decl. ¶16, Exs. L–N.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Accordingly, Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) should be added to the Arbitration Award in the interest and promotion of justice.

### C.   Black Bear's Petition is Timely Under the Equitable Tolling Doctrine

The three-month period to serve a motion to modify or correct an arbitration award under Section 12 of the FAA ("Section 12") does not bar Black Bear's Petition because the equitable tolling doctrine applies in this case.  *See Move, Inc. v. Citigroup Glob. Markets, Inc.*, 840 F.3d 1152, 1156–58 (9th Cir. 2016) (holding that the limitations period in the FAA is subject to equitable tolling); *see also* 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.").  Section 12's limitations period is equitably tolled in this case because Phars Film Co. concealed its registered name from Black Bear by entering into contracts and conducting business under its trade name without identifying its registered company name.  *See Seattle Audubon Soc. v. Robertson*, 931 F.2d 590, 595 (9th Cir. 1991) (explaining that federal courts "have applied the doctrine of equitable tolling" where "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant").  Therefore, Black Bear's Petition is timely, and modification and correction of the Arbitration Award under Section 11 remains appropriate.

Equitable tolling applies under the circumstances of this case because Black Bear could not have reasonably known until recently that Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) is the company's registered name when nothing suggested that Phars Film Co., LLC was anything but a legitimate business operating under a legitimate name.  *See* Silfen Decl. ¶¶ 11-17.  There were no signs from Black Bear's interactions with Phars Film Co. before the signing of the Distribution Agreements that Phars Film Co., LLC was not the registered name or was otherwise an incorrect or improper name.  *See* Silfen Decl. ¶¶ 3, 13–15; *see*

GREENBERG GLUSKER FIELDS CLAMAN<br>& MACHTINGER LLP<br>2049 Century Park East, Suite 2600<br>Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

*also id.* ¶ 2.  Indeed, Phars Film Co. entered into other agreements before the Distribution Agreements at issue under the name Phars Film Co., LLC.  *See id.* ¶ 16, Ex. L.  In the limited instances where the name Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) appeared, there was no additional information explaining what this entity is or identifying this entity as the official, registered company name.  *See id.* Ex. B, Ex. 1.  Phars Film Co. never suggested, much less stated, that Phars Film Co., LLC was just a trade name, that Phars Film Co.'s registered name is Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.), or that the name Phars Film Co., LLC was otherwise incorrect or improper.  *See id.* ¶¶ 3, 13.

Nor did Phars Film Co. reveal to Black Bear that Phars Film Co., LLC was not the registered name or was otherwise incorrect or improper when the Distribution Agreements were executed.  *See* Silfen Decl. ¶ 13.  Each Distribution Agreement named "Phars Film Co, LLC" as a party and were signed by Ahmadali Golchin Kharrazi on behalf of "Phars Film Co, LLC," and neither Mr. El Azar nor any representative of Phars told Black Bear there was an issue with the company's name or that the company's registered name is Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.).  *See* Silfen Decl. Ex. B, Exs. 3–5; *id.* ¶¶ 3, 13. Phars Film Co.'s profile on Cinando also showed the company's name is the same as Phars Film Co.'s name in the Distribution Agreements and did not disclose the company's registered name is Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.).  *See* Silfen Decl. ¶ 14.

Phars Film Co. continued to keep Black Bear in the dark about Phars' registered name long after the Distributions Agreements were signed.  Phars appeared in the DIFC proceedings at the end of 2024 and did not raise any issue regarding the name Phars Film Co., LLC in the Distribution Agreements or Arbitration Award.  *See* Silfen Decl. ¶ 18; *see also id.* ¶ 9, Ex. F at 3–9 (Schedule of Reasons).  Phars also did not reveal at the DIFC Proceedings that Phars Film

19

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Co., LLC is a trade name or that Phars Film Co.'s registered name is Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.).  *See id.*  Black Bear simply could not have known that Phars Film Co., LLC was not a registered company name, or that there was any issue with that name, when Phars Film Co.'s actions imply that Phars Film Co., LLC is a legitimate and proper company name.  For instance, Phars Film Co. entered into the distribution agreement for *The Ministry of Ungentlemanly Warfare* under the name Phars Film Co, LLC and nevertheless satisfied its financial obligations under that agreement and paid Black Bear the minimum guarantee for this film.  *See id.* Ex. B, ¶ 6 n.1; *id.* Ex. A.

Phars never told Black Bear of its registered name and concealed this information from Black Bear.  Black Bear only recently learned through its local counsel in Dubai, UAE, that Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) is the registered name of Phars Film Co., LLC.  Black Bear had been diligently trying to enforce the Arbitration Agreement and Enforcement Order in Dubai as soon as the DIFC Proceedings concluded but encountered issues because a registered company with the name Phars Film Co., LLC could not be found.  *See* Silfen Decl. ¶ 8–11, Exs. E–G.  After further investigations and inquiries with relevant regulatory authorities, Black Bear's local counsel discovered that the registered name for Phars Film Co. appears to be Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) and that Phars Film Co., LLC is merely a trade name.  *See id.* ¶¶11–12, Exs. H–I.  Ultimately, in November 2025, Black Bear received a payment confirmation from Phars Film Co. showing that Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) made a payment on behalf of Phars Film Co. for the film *Greenland 2: Migration*.  *See id.* ¶ 16, Exs. M, N.

In sum, Black Bear did not know, and could not have reasonably known, until recently that Phars Film Co.'s registered name is not the name stated in the Distribution Agreements.  The limitations period under Section 12, therefore, does not bar Black Bear's Petition.

IV.    **CONCLUSION**

For all the foregoing reasons, Black Bear respectfully requests that the Court grant this Petition and issue an order modifying and/or correcting the Arbitration Award to add Phars Filmco Motion Pictures Trading & Distribution Co. (L.L.C.) as a respondent.

DATED:  December 16, 2025                GREENBERG GLUSKER FIELDS
                                         CLAMAN & MACHTINGER LLP


                                         By:  */s/ Bonnie E. Eskenazi*
                                             BONNIE E. ESKENAZI
                                             (SBN 119401)
                                             BENITA S. YU (SBN 329195)

                                             Attorneys for Petitioner
                                             BLACK BEAR PICTURES
                                             INTERNATIONAL LIMITED

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    **CERTIFICATE OF WORD COUNT PURSUANT TO LOCAL RULE 11-6.2**

2         The undersigned, counsel of record for Petitioner Black Bear Pictures

3    International Limited, certifies that this brief contains 5,636 words, which complies

4    with the word limit of L.R. 11-6.1.

5

6    DATED:  December 16, 2025                 GREENBERG GLUSKER FIELDS
                                              CLAMAN & MACHTINGER LLP
7

8

9                                            By: /s/ Bonnie E. Eskenazi
                                                 BONNIE E. ESKENAZI (SBN
10                                               119401)
                                                 BENITA S. YU (SBN 329195)
11
                                                 Attorneys for Petitioner
12                                               BLACK BEAR PICTURES
                                                 INTERNATIONAL LIMITED

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067